IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARANGELI GARCIA; MARIA V. JIMENEZ; JUAN FIGUEROA; JUAN A. FIGUEROA, JR.; MAYRA PACHECO; PARCI FIGUEROA; WALTER O. ALOMAR; WALTER ALOMAR; WALTER ALOMAR, JR.; IRMA MONTEAGUDO; MIRKALA LUGO; DARLENE NIEVES; DAMARIS DIAZ; MADELINE GONZÁLEZ; GUADALUPE BOU; BRENDA DIAZ; MARISEL RABELL; ENEIDY MARCADO; NALLELIS SANFELIZ; VIVIANETTE SOTO; MOISES BAEZ; JORGE NIEVES; LUIS BELLO; MARLENE ZAYAS; KIMBERLY SANDERS; KEISHLA GONZALEZ; FERNANDO GARCIA; DIMAR LOPEZ; YANNICK BURGOS; ANTONIO CHAPARRO; OSCAR ORTIZ; CARMEN JIMENEZ; ARAMITA SANTIAGO; FRANCISCO ORTIZ; ANGEL LAUREANO; SANTA NAZARIO; MIRELYS SANFELIZ; LOURDES RAMIREZ; TERESA RIVERA<br><br>Plaintiffs<br><br>vs<br><br>THE CAPTAIN AND THE CREW MEMBERS AS EMPLOYEES OF ROYAL CARIBBEAN CRUISES LTD.; ROYAL CARIBBEAN CRUISES LTD.; INSURERS COMPANIES A, B AND C; SHIP EQUIPMENT MANUFACTURING ENTITIES P, Q AND R; INSURERS COMPANIES D, E AND F; SHIP EQUIPMENT DISTRIBUTING ENTITIES X, Y AND Z; INSURERS COMPANIES G, H AND I; JOHN DOE; INSURER COMPANIES K AND L<br><br>Defendants | CIVIL 05-1066CCC |

# O R D E R

Plaintiffs, thirty nine (39) residents of the Commonwealth of Puerto Rico, went on a cruise on the "Serenade of the Seas" which departed from San Juan on January 17, 2004. They contend that on the evening of January 23, 2004, the "Serenade" made an abrupt and

CIVIL 05-1066CCC                                       2

sudden movement which caused them injuries in varying degrees.  As they attribute those injuries to the negligence of the ship's captain and crew, they brought this suit under our admiralty and diversity jurisdiction on January 21, 2004 against, among others, the ship's operator, Royal Caribbean Cruises LTD (Royal).[1]

On April 15, 2005, Royal moved for dismissal of the complaint (**docket entry 4**) based on the forum selection clause contained in the passenger ticket which was issued to all plaintiffs and which required that "all disputes and matters whatsoever arising under, in connection with or incident to this contract shall be litigated, if at all, in and before a court located in Miami, Florida, U.S.A., to the exclusion of the courts of any other state, territory or country."  The validity of a similar clause, Royal contends, was discussed and upheld by the Supreme Court in Carnival Cruise Lines, Inc. v. Shute, 111 S.Ct. 1522 (1991).  Plaintiffs, in their opposition (docket entry 5), while acknowledging the doctrine established in Shute, claim that the forum selection clause included in plaintiffs' tickets allegedly contravenes Puerto Rico's public policy.

Under Shute, it is evident that the forum selection clause at issue here is reasonable and fundamentally fair and, as such, enforceable.  499 U.S. at 593-595, 111 S.Ct. 1527-1528.  Plaintiffs' sole argument against its applicability, that it contravenes the public policy of Puerto Rico, is unpersuasive.  While plaintiffs make much ado about Puerto Rico's interest in regulating foreign corporations doing business within its territory, they do not show how, and we see fail to see why, the enforcement of this particular forum selection clause would hamper such policy.

---

[1] Plaintiffs also sued as unknown defendants the ship's captain, its crew members, and the "Manufacturing Entities" and "Distributing Entities," the two latter described as the "entities that build and sell the equipment installed in the Serenade which according to the crew members were the cause of the sudden movement which in turn cause (sic) all the injuries suffered by the Plaintiffs."  Complaint (docket entry 1), at ¶ 31.  Because these unknown defendants remain unidentified, by separate Order the Court is dismissing the claims against them without prejudice.

CIVIL 05-1066CCC                                         3

And although it is true, as plaintiffs affirm, that Puerto Rico conditions their doing business within its borders to a submission of jurisdiction within its courts, this argument is inapposite here given that we do not face an issue of personal jurisdiction.  The fact remains that, even if we had personal jurisdiction over Royal, plaintiffs consented to litigate away from their home turf and have failed to show compelling reasons which would merit being relieved from their contractual agreement to do so.

Accordingly, Royal's Motion to Dismiss Based on Forum Selection Clause (**docket entry 4**) is GRANTED.[2]  Judgment shall be entered DISMISSING this action against Royal, without prejudice of being refiled before a court located in Miami, Florida.

SO ORDERED.

At San Juan, Puerto Rico, on April 29, 2005.

                                                    S/CARMEN CONSUELO CEREZO
                                                    United States District Judge

---

[2] Given this ruling, Royal's Motion Requesting Stay of Discovery Proceedings (**docket entry 6**) and Motion Requesting Leave to Reply (docket entry 7) are MOOT.